IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MCCURRY STUDIOS LLC,

    Plaintiff,

  v.

WEB2WEB MARKETING, INC.,

    Defendant.

No. MC 13-80246 WHA

**ORDER RE PROPER METHOD OF SERVICE OF DISCOVERY REQUEST ON DEFAULTING DEFENDANT**

This short order addresses a common misconception about the procedure to follow under our federal rules to require a civil defendant who has defaulted to stand for a deposition (and/or to produce documents). This order assumes that *in personam* jurisdiction is constitutionally appropriate and focuses instead on the service requirements under Federal Rules of Civil Procedure 4 and 5.

Once a defendant makes an appearance in a civil action, discovery may be initiated against him by notice under Rule 5, which notice can be made, for example, by mere mailing. On the other hand, when discovery is sought against a non-appearing defendant, *i.e.*, someone who has defaulted, a subpoena under Rule 45 must be personally served on him, notwithstanding the fact that he was personally served with the complaint and summons earlier under Rule 4. This is because he has not appeared in the action and thus acquiesced in the Rule 5 regime of notice by mere mail that applies to parties after they appear in a civil action, a system of service by mail that depends, among other things, upon the defendant (or his counsel) identifying on the record a proper mailing address for purposes of the action (pursuant to Rule 11(a)). Non-appearing defendants are thus like any other non-party — they must be subpoenaed to require

their attendance at a deposition. The same is true if the deposition seeks documents — a subpoena is necessary.

To consider it from a different angle, after a defendant is properly served with a summons and complaint under Rule 4 but defaults, and a plaintiff wishes to add a new claim against him, the new amended complaint must, all over again, be personally served with a summons via Rule 4. This is so that the defendant will know what claims he will be conceding if he chooses to ignore the proceedings. This is expressly required by Rule 5(a)(2). Again, in such a scenario, there is no address of record for the defaulting defendant to which to send mailed notice. The same is true when an injunction is issued against a defaulting defendant — it must be personally served on the person to be enjoined in order to subject him to the contempt power of the district court.

Contrary to the above, plaintiff contends that once a defendant is properly served with a summons and complaint under Rule 4, he is thereafter servable by mere mail, whether or not he appears in the action, to the same extent as any appearing defendant. This order disagrees. Until a defendant appears (and identifies a mailing address that will bind him), there is no practical way to effect service under Rule 5.

Suppose that an order issued on the instant motion commanding our defaulting defendant to appear for a deposition. How would that order be served? Since the respondent has not appeared, there is no address of record that would bind our defendant. It would have to be personally served (like a subpoena) to subject him to the contempt power of the district court. Until the respondent (the defaulting defendant) provides a mailing address that will bind him for purposes of the case, there is no way for a district court to know that mail sent to any address, even a last known address, will be sufficient.

Admittedly, Rule 5(b) lists ways to serve something under Rule 5 and one of them is "mailing it to the person's last known address — in which event service is complete upon mailing." But an earlier part of the same rule, subsection (a)(2), makes clear that no service is required on a party who is in default for failing to appear (except for pleadings asserting a new claim for relief against him). Therefore, the list of methods of service in subsection (b)(2) is

meant for those who appear, not for those who default, and the last known addresses of such appearing defendants would be of record. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d 1148 ("Federal Rule of Civil Procedure 5(b)(2) authorizes the service of all papers *following a party's appearance* by mail.") (emphasis added).

Plaintiff cites to *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012), and *McElveen v. Carib Inn Int'l, Inc.*, 71 F.R.D. 193, 194–95 (S.D. Tex. 1976). Both decisions are distinguishable. They addressed the scope of discovery in favor of judgment creditors, and not the service required for a defaulting defendant.

Contrary to plaintiff, Section 1963 of Title 28 of the United States Code merely provides that a judgment in one district may be registered in another with the same force and effect (this action being predicated on an original judgment in Delaware). Of course, this district will give full effect to the judgment of another sister district, but that is not the problem. Section 1963 does not address our immediate problem of how to serve a defaulting defendant. Further contrary to plaintiff, Rule 69 provides for discovery in aid of execution on a judgment "as provided in these rules." That simply means Rule 45 in the case of a defaulting judgment debtor. (While Rule 69 also allows discovery by "the procedure of the state where the court is located," no contention is made herein that any state procedures would allow service by mere mail.)

To sum up, when a defendant defaults and a plaintiff wishes to depose him and/or acquire his documents (for example, to prove up damages), the plaintiff must subpoena the defaulting defendant under Rule 45 and may not compel attendance via mere mailed notice or other less formal notice methods. *See* Moore's Federal Practice, Third Edition, 45.02[4][a]; *and Diebold, Inc. v. Record Files, Inc.*, 11 F.R.D. 543, 544 (N.D. Ohio 1951).

Therefore, in the instant default action, the motion to compel is **DENIED**, having been premised on Rule 5 methods of notice. This is without prejudice to a later application made pursuant to Rule 45 or a consent order proposed by the parties. Please remember, as to any consent order, that while an individual may appear *pro se*, a corporation or other entity may appear only via counsel. *See* Civil L.R. 3-9(b). And, this order is without prejudice to an

3

application for a form of substitute service, such as by publication and/or e-mail, upon a showing of evasion of Rule 4 service.

**IT IS SO ORDERED.**

Dated: March 18, 2014. 

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California