1   MICHAEL P. PULLIAM (SBN 215435)
    michael.pulliam@dbr.com
2   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
3   San Francisco, CA  94105-2235
    Telephone:    (415) 591-7500
4   Facsimile:     (415) 591-7510

5   ANDREW J. FLAME (admitted pro hac vice)
    andrew.flame@dbr.com
6   DRINKER BIDDLE & REATH LLP
    One Logan Square, Ste. 2000
7   Philadelphia, PA  19103-6996
    Telephone:    (215) 988-2700
8   Facsimile:     (215) 988-2757

9   Attorneys for Plaintiff
    STEVE MCCURRY STUDIOS, LLC
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15  STEVE MCCURRY STUDIOS, LLC,         Case No. 3:13-mc-80246-WHA

16              Plaintiff,               **PLAINTIFF'S NOTICE OF MOTION AND
                                         MOTION FOR AN ORDER ALLOWING**
17        v.                             **DEFENDANT TO BE SERVED BY EMAIL
                                         OR PUBLICATION, IF NECESSARY**
18  WEB2WEB MARKETING, INC., d/b/a
    ACTEVA.COM,                          DATE:          May 22, 2014
19                                       TIME:          8:00 a.m.
                Defendant.               COURTROOM:  8
20                                       JUDGE:         Hon. William H. Alsup

21

22        TO DEFENDANT WEB2WEB MARKETING, INC. d/b/a ACTEVA.COM:

23        PLEASE TAKE NOTICE that on May 22, 2014 at 8:00 a.m., or as soon thereafter as the

24  matter may be heard in the courtroom of the Honorable William H. Alsup in the above-entitled

25  court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, plaintiff Steve McCurry

26  Studios, LLC ("McCurry"), will move for an order allowing service of subpoenas on defendant

27  Web2Web Marketing, Inc., d/b/a Acteva.com ("Web2Web") and on its President and CEO,

28  Pankaj Gupta, personally by email service pursuant to Fed. R. Civ. Proc. Rule 4(e)(1), Cal. Code

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOT AND MOT FOR AN ORDER ALLOWING
SUBSTITUTE SERVICE
SF01/937408.1                                                      CASE NO. 3:13-mc-80246-WHA

Civ. Proc. § 413.30 and by publication pursuant to Fed. R. Civ. Proc. Rule 4(e)(1), Cal. Code Civ. Proc. § 415.50, if necessary.[1]

This motion is made on the grounds that Defendant is evading service of process, McCurry has exercised reasonable diligence to serve Defendant, Plaintiff has repeatedly attempted to serve Defendant and Mr. Gupta by personal service, Plaintiff has previously communicated with Mr. Gupta by email and telephone, and Mr. Gupta has actual notice of this lawsuit, Plaintiff's attempts to take depositions and obtain documents, and the subpoenas by virtue of email and telephone discussions with Plaintiff.  Under the circumstances, alternative service by email is appropriate under Fed. R. Civ. Proc. 4(e)(1), Cal. Code Civ. Proc. § 413.30 and by publication pursuant to Fed. R. Civ. Proc. Rule 4(e)(1), Cal. Code Civ. Proc. § 415.50, if necessary.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Michael P. Pulliam, S. Fey Epling, and William Galdamez, and any further oral or documentary evidence which may be presented at or before the hearing on this motion.

---

[1] Because of Mr. Gupta's pattern of evasive conduct, Plaintiff anticipates that Mr. Gupta may shut down his current email address upon receipt of this motion in an attempt to avoid service.  If this occurs, Plaintiff requests that this Court authorize Plaintiff to serve the subpoenas on Defendant and Mr. Gupta by publication.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOT AND MOT FOR AN ORDER ALLOWING
SUBSTITUTE SERVICE                - 2 -              CASE NO. 3:13-MC-80246-WHA
SF01/ 937408.1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## **FACTUAL BACKGROUND**

4        On October 2, 2013, the U.S. District Court for the District of Delaware entered judgment

5    against Defendant on Plaintiff's complaint for compensatory damages, prejudgment interest,

6    attorneys' fees and for an accounting ("Judgment").  On November 6, Plaintiff filed the instant

7    action in this Court to register the Judgment in order to enforce the Judgment against assets of

8    Web2Web located in this judicial district.

9        On or about November 27, 2013, Plaintiff served notice that it would take the deposition

10    of Defendant Web2Web Marketing, Inc., on December 17, 2013, pursuant to Federal Rules of

11    Civil Procedure, Rules 30(b)(6) and 34, with a request for production of documents.  On or about

12    December 6, 2013, Pankaj Gupta, Defendant's President and CEO, requested that the deposition

13    be continued to a date in January.

14        Plaintiff and Defendant then agreed that the deposition would be continued until January

15    23, 2014, at 9:00 a.m., and Defendant agreed to produce all documents requested on or before

16    January 13, 2014.  In accord with this agreement, Plaintiff served on Defendant on December 17,

17    2013, an Amended Notice of Deposition of Web2Web Marketing in Aid of Execution and

18    Document Requests, noticing Defendant's deposition for January 23, 2014 at 9:00 a.m. (the

19    "Deposition Notice") (Exhibit A to the Declaration of Michael P. Pulliam, served and filed

20    herewith).

21        Nevertheless, Defendant failed to produce documents by January 13, 2014, or thereafter

22    and failed to appear for deposition on January 23, 2014, as required by the Deposition Notice and

23    the parties' agreement.  Plaintiff memorialized these events and the nonappearance of Defendant

24    on the record of the court reporter.  (Pulliam Decl., Exhibit B).

25        On January 23, 2014, in a telephone conversation with Plaintiff's counsel, Defendant,

26    through Mr. Gupta, stated that it was available for deposition on March 13, 2014, but failed and

27    refused to commit to that date in a stipulation and proposed order.  Defendant also stated it would

28    be able to produce documents by February 20, 2014.  Defendant also committed to produce

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOT AND MOT FOR AN ORDER ALLOWING
SUBSTITUTE SERVICE          - 3 -          CASE NO. 3:13-MC-80246-WHA
SF01/ 937408.1

1   certain corporate records he represented to be in Mr. Gupta's possession by January 23, 2014, but

2   which it has still not produced.  (Declaration of S. Fey Epling, served and filed herewith).

3   Neither Defendant nor Mr. Gupta have produced documents to Plaintiff despite their promises to

4   do so.

5          On February 4, 2014, Plaintiff filed a Motion to Compel Production of Documents and

6   Attendance of Defendant at Deposition Pursuant to F.R.C.P. 30(b)(6).  [Docket No. 6].

7   Defendant did not appear or file an opposition to the motion and it came for hearing on March 13,

8   2014.  On March 18, 2014, this Court issued an Order Re Proper Method of Service of Discovery

9   Request on Defaulting Defendant.  [Docket No. 8].  While this Court denied Plaintiff's motion to

10  compel on the grounds that Defendant had neither appeared nor been served with a subpoena

11  pursuant to Rule 45, the Court expressly stated that entry of the Order was "without prejudice to

12  an application for a form of substitute service, such as by publication and/or email, upon a

13  showing of evasion of Rule 4 service."  [Docket No. 8 at p. 4].

14         On March 13, 2014, Plaintiff's counsel emailed Mr. Gupta (at PGupta@acteva.com)

15  regarding the Motion to Compel and the proposed deposition and production of documents.

16  (Pulliam Decl., Exhibit C).  On March 14, 2014, Mr. Gupta responded by email that he was in the

17  process of assembling funds so he could engage counsel.  (Pulliam Decl., Exhibit C).  On March

18  19, 2014, Mr. Gupta sent another email, stating that he was in the process of engaging counsel

19  and would be able to respond regarding the proposed deposition and production of documents by

20  March 21, 2014.  (Pulliam Decl., Exhibit D).  March 21, 2014, came and went without any

21  communication from Mr. Gupta regarding the proposed deposition and production of documents.

22  (Pulliam ¶ 5).

23         Since Mr. Gupta failed to respond on March 21, 2014, Plaintiff has diligently tried to

24  personally serve Mr. Gupta both in his individual capacity and in his capacity as an officer of

25  Defendant with subpoenas compelling testimony and the production of documents.  Starting on

26  March 24, 2014, Plaintiff has made no fewer than eight separate attempts to personally serve Mr.

27

28

Gupta at his last known address:  1050 Brightwood Court, Walnut Creek, California 94598.[2]

(Declaration of William Galdamez, served and filed herewith).  On April 16, 2014, Plaintiff's

counsel emailed Mr. Gupta regarding McCurry's attempts to serve him:

> Mr. Gupta,
>
> As you are aware, I represent Steve McCurry Studios.  We have been attempting to serve subpoenas at what we understand to be your home address at 1050 Brightwood Court, Walnut Creek, California 94598.  If this is not you current home address, please let me know.  Also, please contact me so we can arrange a convenient time and place for the process server to meet you for purposes of serving the subpoenas.
>
> Also, if you have engaged counsel, please let me know and provide his/her contact information.
>
> Thank you.
>
> Andrew J. Flame

(Pulliam Decl., Exhibit F).  The email did not bounce back but Mr. Gupta has not responded to

this email.  (Pulliam Decl. ¶ 7).

     While Mr. Gupta has evaded personal service, despite Plaintiff's diligent efforts, Mr.

Gupta has actual awareness of this lawsuit and the subpoenas as demonstrated through his

communications with Plaintiff by telephone and email.

## II.

## LEGAL ARGUMENT

**A.**    **When Defendant Is Purposely Evading Service, Alternative Service Via Email Is Appropriate Under California Civil Procedure § 413.30**

     The goal of Fed. R. Civ. Proc. 4 is "to provide maximum freedom and flexibility in the

procedures for giving all defendants . . . notice of commencement of the action and to eliminate

unnecessary technicality in connection with service of process."  *Electrical Specialty Co. v. Road*

---

[2] Defendant has vacated its prior business location at 456 Montgomery Street, San Francisco, California and, according to Mr. Gupta, has no offices or business locations.  Further, Defendant's registered agent for service in California resigned in August 2013 and no replacement agent for service appears on the California Secretary of State's website.  *See* Business Entity Detail for Defendant printed from California Secretary of State website on April 17, 2014(Pulliam Decl., Exhibit F).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOT AND MOT FOR AN ORDER ALLOWING
SUBSTITUTE SERVICE
SF01/ 937408.1
- 5 -
CASE NO. 3:13-MC-80246-WHA

1   *and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller,

2   Federal Practice and Procedure § 1061, at 216 (2d ed. 1987)).  Due Process requires that service

3   of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the

4   pendency of the action and afford them an opportunity to present their objections."  *Mullane v.*

5   *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  In order to satisfy this expansive

6   reach, Fed. R. Civ. Proc. 4(e)(1) allows process of service as authorized by the state laws as well.

7          Pursuant to Fed. R. Civ. P. 4(e)(1), California law may govern the sufficiency of the

8   proposed service.  Cal. Civ. Proc. § 413.30 provides a broad framework for alternative means of

9   service:

10                 Where no provision is made in this chapter or other law for the
                   service of summons, the court in which the action is pending may
11                 direct that summons be served in a manner which is reasonably
                   calculated to give actual notice to the party to be served and that
12                 proof of such service be made as prescribed by the court.

13   Cal. Civ. Proc. Code § 413.30.

14          In accordance with § 413.30, in *Balsam v. Angeles Technology Inc.*, *et al.,* the court found

15   that because plaintiff was unable to serve defendants by traditional methods, as is the case for

16   McCurry here, service by email was an appropriate substitute that would allow plaintiff to contact

17   defendants "via what he alleges to be their 'preferred method of communication.'" 2007 U.S.

18   Dist. LEXIS 43877, 7 (N.D. Cal. 2007); *see also Aevoe Corp. v. Pace*, 2011 U.S. Dist. LEXIS

19   96750 (N.D. Cal. 2011) (authorizing email service where plaintiff had been unsuccessful in

20   efforts to effect personal service because defendant was evading service).

21          McCurry has been diligent in its attempts to locate and serve Defendant and its President,

22   Mr. Gupta, but has been unsuccessful in serving either by traditional methods.  Specifically,

23   McCurry has made several unsuccessful attempts to perfect service on Mr. Gupta (both

24   individually and in his capacity as an officer of the Defendant), in person, at his last known

25   address in Walnut Creek, California, and by requesting from Mr. Gupta an alternative address and

26   convenient time and location for service of the subpoenas.  Based on the information available to

27   McCurry, Mr. Gupta is not associated with any other addresses and Defendant no longer has a

28   business location or registered agent in California.

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

Notice of Mot and Mot for an Order Allowing
Substitute Service                                    - 6 -                    Case No. 3:13-mc-80246-WHA
SF01/ 937408.1

1    Although Mr. Gupta has evaded service by traditional methods, Plaintiffs' counsel has

2  communicated with Mr. Gupta repeatedly and over an extended period at his email address

3  PGupta@acteva.com regarding this case, and the proposed deposition and production of

4  documents.  In light of the parties' prior communications, service of the subpoenas at Mr. Gupta's

5  email address will be "reasonably calculated to give notice to the party served."  Cal. Code Civ.

6  Proc. § 413.30. For the same reason, service of all future documents in the case by email service

7  would also be "reasonably calculated to give notice" to Defendant and Mr. Gupta.[3]

8  / / /

9  / / /

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

---

24    [3] In the event that Mr. Gupta turns off his email address in a further attempt to evade
service, Plaintiff requests that this Court authorize service of the subpoenas by publication
25  pursuant to Fed. R. Civ. Proc. Rule 4(e)(1) and Cal. Code Civ. Proc. § 415.50, if necessary.  *See*,
*e.g.*, *Aevoe Corp.*, 2011 U.S. Dist. LEXIS 96750 (authorizing service by publication).  In such an
26  event, because Mr. Gupta's last known address is in Walnut Creek, California, McCurry requests
an order for publication in the Contra Costa Times, the local newspaper service covering Walnut
27  Creek.  In doing so, McCurry will meet the requirements for service by publication under
California law.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOT AND MOT FOR AN ORDER ALLOWING
SUBSTITUTE SERVICE
SF01/ 937408.1
- 7 -    CASE NO. 3:13-MC-80246-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### <u>CONCLUSION</u>

Based on the foregoing reasons and the present circumstances, it is proper to serve Mr. Gupta via email, which the parties have previously used to communicate about the case and the subpoenas at issue. Accordingly, McCurry requests that this Court issue an order permitting Plaintiff to serve Defendant and Mr. Gupta with subpoenas compelling testimony and the production of documents by email pursuant to Cal. Code Civ. Proc. § 413.30, and Fed. R. Civ. Proc. Rule 4(e)(1) and by publication, if necessary, pursuant to Cal. Code Civ. Proc. § 415.50, and Fed. R. Civ. Proc. Rule 4(e)(1). McCurry further requests that the Court issue an order authorizing Plaintiff to serve all future documents in the case on Defendant and Mr. Gupta by email as well.

Dated: April 17, 2014                             DRINKER BIDDLE & REATH LLP


By: */s/ Michael P. Pulliam*
       Michael P. Pulliam

Attorneys for Plaintiff