IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVE MCCURRY STUDIOS, LLC,

    Plaintiff,

v.

WEB2WEB MARKETING, INC., d/b/a
ACTEVA.COM,

    Defendant.
                                         /

No. C 13-80246 WHA

**ORDER GRANTING
MOTION FOR SERVICE
BY ALTERNATIVE MEANS;
AND VACATING HEARING**

## INTRODUCTION

    This action concerns a foreign default judgment now registered for enforcement in the Northern District of California. Plaintiff moves for service of subpoenas and all future documents in this action by e-mail, and if necessary, by publication. To the extent stated, the motion is **GRANTED**. The hearing set for May 22, 2014, is **VACATED**.

## STATEMENT

    In October 2013, plaintiff Steve McCurry Studios, LLC obtained a default judgment in the District of Delaware against defendant Web2Web Marketing, Inc. Among other items, the default judgment awarded plaintiff compensatory damages and an accounting, while also permitting plaintiff "to move for a reassessment" of the damages based "on a showing of good cause" (Dkt. No. 1). To date, defendant has not appeared in this action.

Plaintiff has since registered the default judgment in the Northern District of California so that it could enforce the judgment against defendant's assets in this district. In that connection, plaintiff mailed and e-mailed deposition notices and requests for document production to defendant's president and CEO, Pankaj Gupta. Despite several informal agreements with plaintiff's counsel, Gupta neither attended deposition nor produced documents.

As such, plaintiff moved to compel Gupta's attendance at deposition and document production. An order dated March 18, 2014, denied the motion, "having been premised on Rule 5 methods of notice" (Dkt. No. 18). The order then stated:

> [T]his order is without prejudice to an application for a form of substitute service, such as by publication and/or e-mail, upon a showing of evasion of Rule 4 service.

Now, plaintiff moves to serve defendant and Gupta — either by e-mail, and if necessary, by publication — with subpoenas to compel testimony and document production. Plaintiff also requests that these alternative methods of service apply to all future documents to be served on defendant and Gupta in this action. This comes after plaintiff (unsuccessfully) attempted to personally serve subpoenas on defendant and Gupta, as described below. Although a copy of this motion was mailed to defendant's corporate address in Delaware as well as Gupta's last-known address, no opposition has been received.

**ANALYSIS**

Federal Rule of Civil Procedure 4(e)(1) provides the applicable authority:

> **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

This order therefore turns to California law to identify permissible methods of service. To that end, Section 413.30 of the California Code of Civil Procedure states (emphasis added):

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served *in a manner which is reasonably calculated to give actual notice to the party to be*

2

*served* and that proof of such service be made as prescribed by the court.

In certain circumstances, service by e-mail is permitted under Rule 4(e)(1) and Section 413.30. For example, in *United Health Services, Inc. v. Meyer*, C 12-6197 CW, 2013 WL 843698, at *1 (N.D. Cal. Mar. 6, 2013) (Judge Claudia Wilken), a plaintiff offered evidence that it tried to serve the defendant in a number of ways, including having a process server find the defendant at her address of record as well as her home address, retaining a private investigator to locate and serve the defendant, mailing a copy of the summons and complaint with a notice of acknowledgment of receipt for the defendant to return, and e-mailing the defendant about the pending action on multiple occasions. None of these attempts were fruitful. *Meyer* thus granted the plaintiff's motion to serve the defendant by e-mail, in light of other evidence that the defendant had used her e-mail address to send thirty-five messages to the plaintiff, including communications concerning their litigation. *Id.* at *2.

Likewise in *Aevoe Corporation v. Pace*, C 11-3215 MEJ, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011) (Magistrate Judge Maria-Elena James), e-mail service was allowed where the plaintiff had made "reasonable" attempts to serve the defendant. These attempts included the plaintiff calling the defendant's phone numbers, e-mailing the defendant, mailing the complaint to the defendant's known addresses, attempting to personally serve the defendant, and retaining a private investigator to track the defendant down.

So too here. Plaintiff has submitted evidence of their efforts to personally serve defendant and Gupta with the subpoenas. Specifically, plaintiff retained a process server who made eight separate attempts to serve the subpoenas at Gupta's last-known address (Galdamez Decl. ¶ 1; Exh. A). Moreover, on April 16, 2014, plaintiff's counsel e-mailed Gupta, asking for an updated address as well as a convenient time and place for the process server to meet Gupta for the service of the subpoenas (Pulliam Decl. ¶ 6; Exh. E). No response has been received from Gupta. Given that defendant no longer has a registered agent for service in California, or any offices or business locations left (according to plaintiff), this order finds that the above constitutes a reasonable effort to personally serve defendant and Gupta (Pulliam Exh. F; Br. 5 n.2).

3

Moreover, this order finds that in these circumstances, service by e-mail to Gupta's pgupta@acteva.com address "is reasonably calculated to give actual notice" to defendant and Gupta. This is in light of Gupta's four e-mails sent from that address to plaintiff's counsel about this action, with the oldest e-mail dated December 6, 2013, and the most recent e-mail dated March 19, 2014 (Epling Exh. A; Pulliam Exh. D). While plaintiff's counsel have not received Gupta's response to their April 16 e-mail about the service of subpoenas, that e-mail also did not bounce back (Pulliam Decl. ¶ 7). Accordingly, the motion to serve the subpoenas and all future documents in this action via e-mail to Gupta's pgupta@acteva.com address is **GRANTED**.

Plaintiff also requests service by publication "if necessary." In plaintiff's view, the concern is that Gupta has demonstrated a pattern of evading service, such that he "may shut down his current e[-]mail address upon receipt of this motion in an attempt to avoid service" (Br. 2 n.1). California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served . . ." Cal. Civ. Proc. Code 415.50 (emphasis added).

In light of the declarations detailing the attempts to personally serve defendant and Gupta, this order finds that plaintiff has shown "reasonable diligence" under Section 415.50. *See also* 28 U.S.C. 1746. To the extent that e-mail service is not possible because Gupta shuts down his e-mail address, the motion to serve by publication is **GRANTED**.

## CONCLUSION

To the extent stated, the motion for serving defendant and Gupta — either by e-mail, and if necessary, by publication — with subpoenas and all future documents in this action is **GRANTED**. In serving the subpoenas through these alternative means, plaintiff's counsel is requested to please communicate to Gupta, in the best means available, that failure to respond to the subpoenas may result in a court order, such that the United States Marshals may be sent to find him to obtain his testimony. The hearing set for May 22, 2014, is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 9, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4