**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVE MCCURRY STUDIOS, LLC,

    Plaintiff,

  v.

WEB2WEB MARKETING, INC., d/b/a
ACTEVA.COM,

    Defendant.
                                   /

No. MC 13-80246 WHA

**ORDER TO UNITED STATES MARSHAL TO SERVE PANKAJ GUPTA AND WEB2WEB MARKETING, INC.**

    This is an order to the United States Marshal to serve Pankaj Gupta and defendant Web2Web Marketing, Inc. with this order, an order further requiring Mr. Gupta and defendant to appear in Courtroom 8 on the 19th floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, at **8:00 A.M. ON OCTOBER 2, 2014**, to give testimony and to produce documents to the extent stated below. This order is necessary in light of Mr. Gupta and defendant's repeated failure to comply with plaintiff's subpoenas. Accordingly, with the assistance of plaintiff's counsel in locating Mr. Gupta, the United States Marshal shall now serve this order on Mr. Gupta and defendant. If Mr. Gupta disobeys this order, the United States Marshal will be subsequently ordered to find and arrest him and hold him in detention until such time as he complies.

    Here is the background. In the District of Delaware, plaintiff obtained a default judgment against defendant and then registered that judgment in this district. Among other items, the default judgment permitted plaintiff "to move for a reassessment" of the compensatory damages,

based "on a showing of good cause" and "information provided in [defendant's] accounting or otherwise received or discovered by plaintiff" (Dkt. No. 1).  Since then, plaintiff has tried (unsuccessfully on numerous occasions) to personally serve defedant's president and CEO — Mr. Gupta — with subpoenas.  On May 9, 2014, an order granted plaintiff's motion to serve both Mr. Gupta and defendant with subpoenas and future documents by alternative means, such as e-mail.

On June 3, 2014, plaintiff mailed and e-mailed several subpoenas for Mr. Gupta and defendant to produce documents and other information concerning the company's assets, and to testify at a deposition scheduled for July 30, 2014.  The document production was due by July 3, 2014.  Plaintiff also mailed and e-mailed Mr. Gupta and defendant deposition notices for the July 30 date.

Neither defendant nor Mr. Gupta produced any documents by July 3, 2014.  Nor have plaintiff's e-mails to Mr. Gupta bounced back or otherwise generated a return message indicating that his e-mail address no longer worked (Pulliam Decl. ¶¶ 10–11).  In fact, on July 29, 2014 — the day before the scheduled deposition — Mr. Gupta called plaintiff's counsel and confirmed that he had received all of the subpoenas (*id.* ¶¶ 13–18).  He also asked during that phone call what the consequences would be if he did not appear for deposition, and stated that he would appear on July 30, 2014, only to produce documents, not for deposition.  Later that day at 8:18 p.m., Gupta left a phone message with plaintiff's counsel, stating that he would not appear the next day for purposes of being deposed.  He then failed to appear for the deposition, and has since sent only one box of documents to plaintiff.  According to plaintiff's counsel, those documents do not appear to include any corporate or financial records for either defendant or Gupta (*id.* ¶ 19).

In light of the foregoing, Mr. Gupta is hereby **ORDERED** to produce the following documents in Courtroom 8 on the 19th floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, at **8:00 A.M. ON OCTOBER 2, 2014**.  Please refer to plaintiff's subpoenas for definitions of words that are used in the following list:

2

- All documents constituting, referring to, or relating to any assets of Acteva, including, without limitation, all deeds, bills of sale, vehicle registrations and title documents, bank and investment account statements, accounts receivable lists with aging, ledgers, stock and bond certificates, membership and partnership agreements and certificates, appraisals, valuations, offers to purchase or sell any assets of Acteva, and expressions of interest in purchasing any assets of Acteva.

- All documents constituting, referring to, or relating to sources of income of Acteva.

- All documents constituting, referring to, or relating to Acteva's financial performance.

- All documents constituting, referring to, or relating to any liabilities of Acteva, including, without limitation, all accounts and loans payable lists, promissory notes, mortgages, security agreements, subordination agreements and other loan documents, and also including all settlement and forbearance agreements to which Acteva is a party and copies of all claims, demands, and complaints against Acteva, including without limitation, all complaints or demands filed in any judicial or other forum.

- All documents referring or relating to the finances and/or financial performance of Acteva, including, without limitation, all audited and unaudited income and loss statements, balance sheets, cash flow forecasts and financial statements, and all financial statements or other financial information and loan applications provided to any actual or prospective lender or investor or other third-party.

- All federal, state, and local and any foreign tax returns prepared for Acteva, whether actually filed or not.

- All documents constituting, referring to, or relating to any transfer of assignment or assumption of any of Acteva's assets or liabilities.

- All documents constituting, referring to, or relating to any insurance policies or claims held by Acteva.

- All documents constituting, referring to, or relating to transactions, transfers of assets and payments by or between Acteva and one or more of its officers, directors, shareholders, investors, principals, or any other person in which any of the foregoing hold an interest, including, without limitation, family members and corporate affiliates of any of the foregoing.

- All documents constituting, referring to, or relating to any transfer of assets, direct or indirect, by Acteva on or after January 1, 2007.

- All documents directly or indirectly referring or related to Steve McCurry Studios, LLC, or any of its officers, directors, employees, or counsel, or its claims against Acteva.

- All record and accountings (including, without limitation, drafts of accountings) related to Steve McCurry Studios LLC's business

3

> relationships with Acteva and/or amounts collected and distributed by Acteva related to such business relationship and amounts owed by Acteva related to such business relationship at any time from and after January 1, 2007[,] to the present.

This order recognizes that the above is not the exact list as the one provided in plaintiff's document subpoena (*see* Dkt. No. 25-3). But the documents bulleted above are what the Court believes are the most reasonable ones to request in these circumstances. Mr. Gupta is thus **ORDERED** to bring the documents bulleted above to the hearing at **8:00 A.M. ON OCTOBER 2, 2014**. Mr. Gupta should also be prepared to stay that entire day so that he may testify as needed at this hearing. The judge will supervise.

In the meantime, all requests regarding contempt and attorney's fees and costs are postponed until the undersigned judge hears Mr. Gupta's testimony. This order advises Mr. Gupta that he is entitled to retain a lawyer and may bring a lawyer with him to the hearing. Furthermore, defendant will please remember that a corporation or other entity may appear only through counsel. *See* Civ. L.R. 3-9(b).

The United States Marshal shall now serve this order on Mr. Gupta and defendant. To that end, plaintiff's counsel will assist the United States Marshal in locating Mr. Gupta. Counsel for plaintiff must attend the hearing on October 2, 2014, and be in a position to copy the documents produced at that time. Both sides are warned that the hearing may *not* be cancelled even by mutual agreement except upon further order of the Court.

**IT IS SO ORDERED.**

Dated: August 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MCCURRY STUDIOS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WEB2WEB MARKETING, INC., d/b/a ACTEVA.COM,<br><br>Defendant.<br>_____ / | No. MC 13-80246 WHA<br><br>**ORDER TO UNITED STATES MARSHAL TO SERVE PANKAJ GUPTA AND WEB2WEB MARKETING, INC.** |

This is an order to the United States Marshal to serve Pankaj Gupta and defendant Web2Web Marketing, Inc. with this order, an order further requiring Mr. Gupta and defendant to appear in Courtroom 8 on the 19th floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, at **8:00 A.M. ON OCTOBER 2, 2014**, to give testimony and to produce documents to the extent stated below. This order is necessary in light of Mr. Gupta and defendant's repeated failure to comply with plaintiff's subpoenas. Accordingly, with the assistance of plaintiff's counsel in locating Mr. Gupta, the United States Marshal shall now serve this order on Mr. Gupta and defendant. If Mr. Gupta disobeys this order, the United States Marshal will be subsequently ordered to find and arrest him and hold him in detention until such time as he complies.

Here is the background. In the District of Delaware, plaintiff obtained a default judgment against defendant and then registered that judgment in this district. Among other items, the default judgment permitted plaintiff "to move for a reassessment" of the compensatory damages,

based "on a showing of good cause" and "information provided in [defendant's] accounting or otherwise received or discovered by plaintiff" (Dkt. No. 1). Since then, plaintiff has tried (unsuccessfully on numerous occasions) to personally serve defedant's president and CEO — Mr. Gupta — with subpoenas. On May 9, 2014, an order granted plaintiff's motion to serve both Mr. Gupta and defendant with subpoenas and future documents by alternative means, such as e-mail.

On June 3, 2014, plaintiff mailed and e-mailed several subpoenas for Mr. Gupta and defendant to produce documents and other information concerning the company's assets, and to testify at a deposition scheduled for July 30, 2014. The document production was due by July 3, 2014. Plaintiff also mailed and e-mailed Mr. Gupta and defendant deposition notices for the July 30 date.

Neither defendant nor Mr. Gupta produced any documents by July 3, 2014. Nor have plaintiff's e-mails to Mr. Gupta bounced back or otherwise generated a return message indicating that his e-mail address no longer worked (Pulliam Decl. ¶¶ 10–11). In fact, on July 29, 2014 — the day before the scheduled deposition — Mr. Gupta called plaintiff's counsel and confirmed that he had received all of the subpoenas (*id.* ¶¶ 13–18). He also asked during that phone call what the consequences would be if he did not appear for deposition, and stated that he would appear on July 30, 2014, only to produce documents, not for deposition. Later that day at 8:18 p.m., Gupta left a phone message with plaintiff's counsel, stating that he would not appear the next day for purposes of being deposed. He then failed to appear for the deposition, and has since sent only one box of documents to plaintiff. According to plaintiff's counsel, those documents do not appear to include any corporate or financial records for either defendant or Gupta (*id.* ¶ 19).

In light of the foregoing, Mr. Gupta is hereby **ORDERED** to produce the following documents in Courtroom 8 on the 19th floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, at **8:00 A.M. ON OCTOBER 2, 2014**. Please refer to plaintiff's subpoenas for definitions of words that are used in the following list:

2

- All documents constituting, referring to, or relating to any assets of Acteva, including, without limitation, all deeds, bills of sale, vehicle registrations and title documents, bank and investment account statements, accounts receivable lists with aging, ledgers, stock and bond certificates, membership and partnership agreements and certificates, appraisals, valuations, offers to purchase or sell any assets of Acteva, and expressions of interest in purchasing any assets of Acteva.

- All documents constituting, referring to, or relating to sources of income of Acteva.

- All documents constituting, referring to, or relating to Acteva's financial performance.

- All documents constituting, referring to, or relating to any liabilities of Acteva, including, without limitation, all accounts and loans payable lists, promissory notes, mortgages, security agreements, subordination agreements and other loan documents, and also including all settlement and forbearance agreements to which Acteva is a party and copies of all claims, demands, and complaints against Acteva, including without limitation, all complaints or demands filed in any judicial or other forum.

- All documents referring or relating to the finances and/or financial performance of Acteva, including, without limitation, all audited and unaudited income and loss statements, balance sheets, cash flow forecasts and financial statements, and all financial statements or other financial information and loan applications provided to any actual or prospective lender or investor or other third-party.

- All federal, state, and local and any foreign tax returns prepared for Acteva, whether actually filed or not.

- All documents constituting, referring to, or relating to any transfer of assignment or assumption of any of Acteva's assets or liabilities.

- All documents constituting, referring to, or relating to any insurance policies or claims held by Acteva.

- All documents constituting, referring to, or relating to transactions, transfers of assets and payments by or between Acteva and one or more of its officers, directors, shareholders, investors, principals, or any other person in which any of the foregoing hold an interest, including, without limitation, family members and corporate affiliates of any of the foregoing.

- All documents constituting, referring to, or relating to any transfer of assets, direct or indirect, by Acteva on or after January 1, 2007.

- All documents directly or indirectly referring or related to Steve McCurry Studios, LLC, or any of its officers, directors, employees, or counsel, or its claims against Acteva.

- All record and accountings (including, without limitation, drafts of accountings) related to Steve McCurry Studios LLC's business

3

> relationships with Acteva and/or amounts collected and distributed by Acteva related to such business relationship and amounts owed by Acteva related to such business relationship at any time from and after January 1, 2007[,] to the present.

This order recognizes that the above is not the exact list as the one provided in plaintiff's document subpoena (*see* Dkt. No. 25-3). But the documents bulleted above are what the Court believes are the most reasonable ones to request in these circumstances. Mr. Gupta is thus **ORDERED** to bring the documents bulleted above to the hearing at **8:00 A.M. ON OCTOBER 2, 2014**. Mr. Gupta should also be prepared to stay that entire day so that he may testify as needed at this hearing. The judge will supervise.

In the meantime, all requests regarding contempt and attorney's fees and costs are postponed until the undersigned judge hears Mr. Gupta's testimony. This order advises Mr. Gupta that he is entitled to retain a lawyer and may bring a lawyer with him to the hearing. Furthermore, defendant will please remember that a corporation or other entity may appear only through counsel. *See* Civ. L.R. 3-9(b).

The United States Marshal shall now serve this order on Mr. Gupta and defendant. To that end, plaintiff's counsel will assist the United States Marshal in locating Mr. Gupta. Counsel for plaintiff must attend the hearing on October 2, 2014, and be in a position to copy the documents produced at that time. Both sides are warned that the hearing may *not* be cancelled even by mutual agreement except upon further order of the Court.

**IT IS SO ORDERED.**

Dated: August 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4